# Smith *v.* Johnson.

*Action by Sheriff, on Bond of Indemnity.*

1. *Levy of second attachment on property in hands of sheriff under prior attachment; liability on bond of indemnity.*—In an action by a sheriff on a bond of indemnity, which was given to procure the levy of an attachment on goods which were already in his possession under the levy of prior attachments, if it is shown that the levy was discharged by agreement between the plaintiff and the claimant of the goods, who thereupon released plaintiff from liability on account of the levy, but afterwards recovered a judgment against the sheriff; the defendants may show that that judgment was founded on the levy of the prior attachments, and a recovery can not be had against them, in any event, for more than nominal damages.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

[Smith v. Johnson.]

HEWITT, WALKER & PORTER, for appellant.

LANE & WHITE, *contra.*

WALKER, J.—The appellee, C. A. Johnson, sued out an attachment against the Rogers Printing Company, and directed the sheriff to levy the writ on certain property as the property of the defendant in attachment. The sheriff required a bond of indemnity, which was made ; and he then executed the writ as directed. The property levied on was already in the sheriff's possession when Johnson sued out his attachment, having been seized under writs of attachment which had been sued out by other persons against the same defendant. Nothing whatever was done under Johnson's attachment except to indorse the levy on it. Within a day of two after the levy was made in this way, there having been no change whatever in the possession of the property, Johnson's attorneys, in writing, ordered and directed the sheriff to release and discharge the property from the levy under Johnson's attachment, and notified the sheriff that Allen, who claimed to be the owner of the property levied on, had agreed to relinquish all claim against Johnson because of the levy of his writ, if the property was released from that levy. Thereupon the sheriff released the property from that levy, but retained it under the prior writs sued out by other persons. Afterwards, Allen sued the sheriff in trespass for taking the property upon which the several writs of attachment had been levied, and recovered a judgment against him for more than two thousand dollars. Thereupon the sheriff brought this suit on Johnson's bond of indemnity, to recover the amount of said judgment and costs, which, it is alleged, have been paid.

The complaint in the action of trespass brought by Allen followed the form prescribed by the Code (p. 794, Form 23), and was against the sheriff alone. The writs which the sheriff had levied on the property were not referred to in the pleadings in that case. The sheriff's defense in that case was conducted by the attorneys who represented the parties whose attachments had been levied before Johnson's was sued out. Johnson was not notified of the pendency of that suit, and was not represented in its defense. Of course, Johnson's bond of indemnity covered only the acts of the sheriff for which it was intended to afford him indemnity. The makers of that bond are not to be charged for the faults of the sheriff for which they did not undertake to

answer. The action of trespass against the sheriff did not show on its face that it was based on the levy of Johnson's process on the property. It was competent for the defendants in this suit to show that the damages recovered against the sheriff in the action of trespass were for a taking of the property other than under Johnson's writ. To this end it was proper to admit evidence to show that, when Johnson's writ was levied, the sheriff already had the property in possession under process which prior to that time had been sued out by other persons; and also to show that the act of the sheriff in taking and retaining the property under the earlier process was proved against him in the action of trespass. The result of this proof is to make it plain that, if Allen was the owner of the property, and entitled to its possession, the trespass by the sheriff had been committed before Johnson's attachment was sued out. The subsequent act of the sheriff in levying Johnson's attachment on the same property, by simply making an indorsement to that effect on the writ, did not render his previous seizure and retention of the property any more or less a trespass. When Allen, as the owner of the property, agreed to waive all claim against Johnson because of his attachment, and thereupon the latter had his levy discharged, the functions of the sheriff as to that writ ceased, without his ever having done anything under it amounting to more than a mere technical offense against Allen's rights as owner. When Allen brought this suit against the sheriff, the substantial grievance he had to complain of was the seizure and retention of the property under the older process. If the makers of Johnson's bond of indemnity had been joined with the sheriff as parties defendant to that suit, they could have pleaded Allen's release, in bar of any recovery against them.

Conceding that the release did not discharge the sheriff's liability because of the levy of Johnson's writ, and conceding also that the levy amounted to a trespass as against Allen, because he, as owner of the property, was then entitled to the immediate possession of it, though the sheriff had the actual possession; yet it is plain that no substantial damages could have been recovered against the sheriff because of that levy. When property is already in the sheriff's possession under former writs, his levy of other process upon it by merely making an indorsement to that effect imports only nominal damages to the owner of the property, if it is not subject to the process, if that levy is

[Smith v. Johnson.]

discharged before anything more is done under it. The owner might show special damage to him by reason of the mere levy. But such special damage would have to be claimed to be recovered. No special damages were claimed in the action of trespass against the sheriff. The circumstances make it plain that the levy of Johnson's writ could have figured in that suit only as the basis of a recovery of nominal damages. We can not escape the conclusion that the substantial damages recovered against the sheriff in that case must have been based upon his seizure and retention of the property under the older process. In the light of the evidence as to what was proved against the sheriff in that case, it can not be doubted that, so far as that judgment was based upon any act of the sheriff for which the bond now sued on was given to indemnify him, it represents only a recovery of nominal damages, which would not even carry costs against him.—Code, § 2838. The complaint in this case charges only the recovery and payment of that judgment as a breach of the condition of the bond sued on. No special damages are claimed. Under the circumstances, the mere recovery of the judgment, without any special damage shown, could at most entitle the sheriff to recover nominal damages in a suit on Johnson's bond of indemnity. Conceding that he was entitled to such a recovery, yet a verdict and judgment for the defendant will not be reversed or set aside, when the plaintiff is entitled to recover only nominal damages, unless the vindication of some substantial right is involved.—*New Orleans, M. & T. R. Co. v. Southern & A. T. Co.*, 53 Ala. 211; 5 Amer. & Eng. Encyc. of Law, 61. On this ground the judgment in this case may be affirmed. The admission that the plaintiff was entitled to recover at all is a mere concession for the purposes of the argument adopted to show that he has nothing subtantial to complain of in the judgment against him. It is not decided that a judgment in his favor would have been authorized by the evidence.

Affirmed.